UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANDREW SCOTT CONARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:15-CR-78-TAV-DCP-1 |
| | ) | 3:17-CV-391-TAV-DCP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Andrew Scott Conard has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 54].[1] The government has responded in opposition [Doc. 58]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and his motion will be **DENIED**.

**I.     Background**

On May 19, 2015, a federal grand jury filed a two-count indictment charging Petitioner with knowingly distributing child pornography and knowingly possessing a disk containing child pornography [Doc. 3]. On June 9, 2016, Petitioner executed a plea

---

[1] All docket citations refer to the criminal case, No. 3:15-CR-78-TAV-DCP-1, unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

agreement, pleading guilty to both counts [Doc 32]. In support of his plea, he stipulated to a variety of facts, together satisfying the elements of each offense, primarily that he: "maintained a collection of child pornography on his computer," obtained it "by downloading it over the Internet," "knowingly made the child pornography on his computer available for distribution over the Internet to other persons. . . in anticipation of being able to obtain additional . . . images through that same file-sharing network," and "knowingly set up his computer to distribute child pornography content to those who sought to obtain it from his collection through use of the file-sharing network." [Doc. 32, ¶¶ 3(a)-(d)]. The plea agreement also contained provisions waiving certain rights, including Petitioner's right to file motions pursuant to § 2255, with exception for prosecutorial misconduct and ineffective assistance of counsel [*Id.* ¶ 11(b)].

Petitioner changed his plea on July 27, 2016 [Doc. 37] and judgment was entered on January 19, 2017 sentencing him to 188 months' imprisonment [Doc. 49]. Petitioner did not file a direct appeal, and the judgment has become final. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Petitioner now seeks relief under § 2255 [Doc. 54].

**II. Analysis**

Petitioner raises three claims. First, Petitioner alleges actual innocence, claiming he did not knowingly distribute child pornography and that the claim was fabricated based on his usage of a peer-to-peer network with sharing enabled by default [*Id.* at 4]. Second, he alleges ineffective assistance of counsel for failing to investigate and determine he did not

collude with anyone to distribute child pornography [*Id.* at 5]. Third, he alleges prosecutorial misconduct for pursuing the charge with insufficient evidence and coercing him into signing the plea agreement [*Id.* at 5-6].

As a preliminary matter, Petitioner's claims are largely conclusory, without allegations of fact with some probability of verity, making his motion insufficient to grant relief. *See, e.g., Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Nonetheless, for the reasons explained below, none of these claims provide a basis for relief.

### A. Actual Innocence

Petitioner argues actual innocence on the grounds that he did not knowingly distribute child pornography [Doc. 54, p. 4]. He states the charge was "fabricated based on Petitioner's usage of a [peer-to-peer] network which had sharing enabled by default" and that he "never knowingly distributed anything" [*Id.*]. The Court finds that this claim is expressly waived in the plea agreement [Doc. 32, ¶ 11(b)].

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). Plea-agreement waivers of § 2255 rights are generally enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 n.4 (6th Cir. 1999)). Accordingly, "[o]nly challenges to the validity of the waiver itself may be advanced on appeal, [and such a waiver is] enforceable . . . so long as the

3

waiver is done knowingly, intelligently and voluntarily." *Davidson v. United States*, No. 2:11-CV-2244, 2013 WL 6116688, at *3 (E.D. Tenn. Nov. 20, 2013) (citing *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila*, 258 F.3d at 451–52; *Watson*, 165 F.3d at 489).

Here, with respect to this claim, Petitioner waived the right to bring this motion in the plea agreement. In the agreement, Petitioner expressly waived his right to seek relief under § 2255 with two (2) exceptions: "The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [Doc. 32 ¶ 11(b)]. Petitioner's claim regarding actual innocence does not fall within either exception and is therefore waived. Thus, the only issue before the Court with respect to this claim is whether Petitioner's waiver was done "knowingly, intelligently and voluntarily." *Watson*, 165 F.3d at 489.

Petitioner knowingly, intelligently, and voluntarily waived his right to seek relief under § 2255 on this issue. "This Court scrupulously complies with Rule 11 of the Federal Rules of Criminal Procedure governing acceptance of pleas and determines whether a defendant understands . . . the rights he is giving up by pleading guilty. This Court also informs a defendant of, and determines that he understands, the terms of any appellate-waiver . . . in the plea agreement." *Davidson*, 2013 WL 6116688, at *3. At the change of plea hearing on July 27, 2016, the Court performed a colloquy addressing the considerations set forth in Rule 11 [Doc. 57]. Throughout the hearing, Petitioner stated he was knowingly and voluntarily pleading guilty and that he understood the terms of his plea agreement and the consequences of pleading guilty [*Id.*]. In particular, the Court discussed

4

with Petitioner the provision of the plea agreement [Doc. 32, ¶ 11(b)] in which Petitioner, subject to two exceptions, waived his right to file motions pursuant to § 2255 [Doc. 57, p. 9-10]. The Court inquired as to whether Petitioner was knowingly and voluntarily waiving this right [*Id.*]. Petitioner affirmed that he understood this provision and its exceptions and was knowingly and voluntarily waiving his right to file any such motion:

> THE COURT: Next, paragraph 11(b) provides that you knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 United States Code Section 2255 or to collaterally attack your convictions under the sentence?
> MR. CONARD: Yes.
> THE COURT: Do you understand the only exception to this waiver is you retain the right to raise by way of collateral review under Section 2255 claims of ineffective assistance of counsel or prosecutorial misconduct?
> MR. CONARD: Yes.

[*Id.*]. During the plea colloquy, the Court observed the appearance of Petitioner and his responsiveness to the Court's questions [*Id.* at 20]. The Court determined at that time that Petitioner was competent to plead guilty, that he knowingly waived certain rights, that he understood the nature and elements of the offenses to which he plead guilty, and that he offered to plead guilty knowingly and voluntarily [*Id.* at 20–21]. In Petitioner's motion, he asserts the prosecution "coerced" him into signing the plea deal [Doc. 54, p. 6]. The Court rejects the assertions in Petitioner's motion as contrary to those made while under oath at the change of plea hearing:

> THE COURT: Mr. Conard, next, I'll ask you has any person, including an officer or agent of the Government, put any pressure on you, mental or physical, to force you to plead guilty?
> MR. CONARD: No.

5

[Doc. 57, p. 8]. Petitioner's assertion of coercion in his motion does not require the Court to disturb its earlier finding that he waived his collateral attack rights voluntarily. *See Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (holding that a defendant's "decision to lie to the district court cannot amount to prejudice."). Accordingly, because Petitioner knowingly, intelligently, and voluntarily executed the waiver, it is valid, and his claim of actual innocence is waived.

Assuming, *arguendo*, that there was no waiver, this Court may presume that Petitioner would not have pleaded guilty to an agreement stipulating particular facts unless they were true. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009). Defendant is in the best position to know the facts of the case. When asked by this Court "And are you offering to plead guilty because you are, in fact, guilty?" Petitioner responded, "Yes, sir." [Doc. 57, p. 18]. "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison,* 431 U.S. 63, 74 (1977), and Petitioner is bound by them when, as here, the Court followed required procedure under Rule 11. *United States v. Rennick*, 219 F. App'x 486, 489 (6th Cir. 2007). Having stipulated to facts fulfilling the elements of the offenses in the Plea Agreement and given a sworn guilty plea, this Court rejects his current assertions of innocence.

### B. Ineffective Assistance of Counsel

Petitioner asserts that trial counsel was ineffective because he failed to investigate the actual innocence claim and had he done so, would have found that "petitioner never colluded with anyone to distribute child pornography" and thus would not have been

6

convicted. [Doc 54, p. 5]. As discussed above, claims for ineffective assistance of counsel are expressly excepted from the waiver provision in the plea agreement. [Doc. 54, ¶11(b)]. Accordingly, this claim is not waived, and the Court will address its merit.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he or she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness

7

. . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United* States, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*).

Petitioner's claim does not provide a basis for relief. The elements of distributing child pornography under 18 U.S.C, § 2252A(a)(2) and (b)(1) are, in relevant part: (1) that the defendant knowingly distributed child pornography; (2) such items had been mailed, shipped or transported in interstate commerce by any means, including by computer; and (3) the defendant knew that such items or material constituted child pornography [Doc. 32, p. 2]. Collusion is not an element of the offense. The alleged failure to investigate satisfies neither the performance nor the prejudice prong of the *Strickland* standard. Counsel was not deficient in his performance for failing to conduct an irrelevant investigation, and Petitioner is not prejudiced by the failure to discover an irrelevant fact. Additionally, when

8

this Court asked, "Are you satisfied with the advice your lawyer has given you?" Petitioner responded "Yes, I am." [Doc. 57, p. 6]. Thus, this claim is rejected.

### C.     Prosecutorial Misconduct

Finally, Petitioner asserts prosecutorial misconduct for pursuing the charge of knowing distribution of child pornography and coercing Petitioner into signing a plea agreement knowing no further evidence existed [Doc. 54, p. 6]. His arguments do not provide a basis for relief.

As to his assertion that the plea agreement was coerced, this Court has already determined Petitioner's plea agreement and accompanying waiver was entered into knowingly, intelligently, and voluntarily, discussed *supra*, Part II.A.

To the extent this assertion challenges the sufficiency of the evidence, Petitioner waived his right to appeal this issue as it is not within the listed exceptions. Furthermore, his plea agreement contained stipulations sufficient to fulfill the elements of the offense: that he knowingly made child pornography available for distribution through a peer-to-peer file-sharing network which is a means of interstate commerce [Doc. 32, ¶¶ 3(b)-(d)]. Given these stipulations, The United States was under no obligation to present any further evidence; the factual basis of the guilty plea is sufficient to sustain a conviction, and his ability to appeal has been waived. *United States v. Martin*, 526 F.3d 926, 933 (6th Cir. 2008). The United States was not improper for pursuing the charge on this evidence. Thus, this claim is rejected.

9

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct his sentence [Doc. 54, No. 3:15-CR-78-1; Doc. 1, No. 3:17-CV-391] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  A separate judgment will enter **DENYING** the motion [Doc. 54, No. 3:15-CR-78-1; Doc. 1, No. 3:17-CV-391].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

10

Case 3:17-cv-00391-TAV-DCP   Document 10   Filed 08/24/20   Page 10 of 10   PageID #: 62